IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT
EASTERN DIVISION

| | | |
|---|---|---|
| EDWARD DIRRIGL<br>3110 NINETY ROAD<br>ASHTABULA, OH  44004 | ) ) ) ) | CASE NO. |
| Plaintiff | ) ) | |
| -vs- | ) ) | JUDGE _____ |
| SHERIFF WILLIAM JOHNSON<br>Individually and in his official capacity<br>25 WEST JEFFERSON STREET<br>JEFFERSON, OH 44047 | ) ) ) ) ) | |
| -and- | ) ) | |
| JAMES A. TRUCKEY<br>Individually and in his official capacity<br>1349 STATE ROUTE 307<br>JEFFERSON, OH  44047 | ) ) ) ) ) | **COMPLAINT**<br><br>**(JURY DEMAND ENDORSED HEREON)** |
| -and- | ) ) | |
| ASHTABULA COUNTY<br>C/O ASHTABULA COUNTY<br>COMMISSIONERS<br>5740 DIBBLE ROAD<br>KINGSVILLE, OH  44048 | ) ) ) ) ) ) | |
| -and- | ) | |

ASHTABULA COUNTY                              )
COMMISSIONERS                                 )
5740 DIBBLE ROAD                              )
KINGSVILLE, OH  44048                         )
                                             )
       -and-                                  )
                                             )
DEPUTY MARK MULLET                            )
Individually and in his official capacity     )
25 WEST JEFFERSON STREET                      )
JEFFERSON, OH 44047                           )
                                             )
       -and-                                  )
                                             )
VILLAGE OF JEFFERSON                          )
27 E. JEFFERSON STREET                        )
JEFFERSON, OH  44047                          )
                                             )
       -and-                                  )
                                             )
OFFICER AARON McCRACKEN                       )
Individually and in his official capacity     )
104 E. JEFFERSON STREET                       )
JEFFERSON, OH  44047                          )
                                             )
       -and-                                  )
                                             )
JOHN AND JANE DOE                             )
(ASHTABULA COUNTY) 1-5                        )
Individually and in their official capacities. )
25 WEST JEFFERSON STREET                      )
JEFFERSON, OH 44047                           )
                                             )
       -and-                                  )
                                             )
JOHN AND JANE DOE                             )
(VILLAGE OF JEFFERSON) 1-5                    )
Individually and in their official capacities. )
27 E. JEFFERSON STREET                        )
JEFFERSON, OH  44047                          )

2

## INTRODUCTION

1. This case is brought to address violations of state and federal law, as well as the resulting injuries stemming from the misconduct of Ashtabula County and Village of Jefferson law enforcement officials in connection with the arrest and physical abuse of Plaintiff Edward Dirrigl. Mr. Dirrigl was a passenger on the back of an ATV which was being pursued at high speeds by law enforcement officials. Mr. Dirrigl had no control over the ATV and was not able to end the pursuit. When the pursuit ended, Mr. Dirrigl got off the back of the ATV, complied with law enforcement and laid face down on the ground. He was unarmed and posed no risk of flight or harm. Indeed, Mr. Dirrigl was handcuffed and/or under the control of Jefferson Officer McCracken. Despite the fact that Mr. Dirrigl had broken no laws and was completely vulnerable, Defendant Sergeant James A. Truckey ran up to Mr. Dirrigl and forcefully and repeatedly struck Mr. Dirrigl in the face – all the while screaming expletives at Mr. Dirrigl. As a direct and proximate result of Sergeant Truckey's abuse, Mr. Dirrigl sustained serious physical injuries. Mr. Dirrigl was then improperly arrested and charged with resisting arrest and obstructing official business. The charges against Mr. Dirrigl were eventually dismissed. Conversely, on November 30, 2016, Sergeant Truckey was indicted on the following criminal charges: two counts of felonious assault, three counts of tampering with records, one count of tampering with evidence, and five counts of dereliction of duty. Following a jury trial in the Ashtabula County Court of Common Pleas, on June 28, 2017 a jury returned a verdict finding James A. Truckey guilty of assault; guilty of two counts of tampering with evidence; and guilty of two counts of dereliction of duty.

**PARTIES AND JURISDICTION**

2.      This action is brought pursuant to claims arising under the laws of the State of Ohio; 28 U.S.C.§§1331, 1343, and 2201, the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.  This action is also brought pursuant to 28 U.S.C. §§1983, 1985 and 1988 as it is also an action for compensatory damages, punitive damages, and attorney fees.  Venue is proper pursuant to 28 U.S.C.§§1391.

3.      Plaintiff Edward Dirrigl is a citizen of the United States and resides in Ashtabula County, Ohio.

4.      Defendant William "Billy" Johnson was at all times relevant herein employed by Ashtabula County as the Sheriff of Ashtabula County and in that capacity was a policy maker with ultimate decision making authority for the Ashtabula County Sheriff's Department.  He is being sued in his individual as well as his official capacity.

5.       Defendant James A. Truckey was at all times relevant herein employed as a law enforcement officer/deputy for Ashtabula County by and through the Ashtabula County Sheriff's Department.  He is being sued in his individual as well as his official capacity.

6.      Defendant Mark Mullet was at all times relevant herein employed as a law enforcement officer/deputy for Ashtabula County by and through the Ashtabula County Sheriff's Department.  He is being sued in his individual as well as his official capacity.

7.      Defendant Ashtabula County is a unit of local government organized under the laws of the State of Ohio.  Ashtabula County is also a municipal corporation

4

and a political subdivision of the State of Ohio and is a "person" for purposes of 42 U.S.C. §1983.

8. Defendant Ashtabula County Commissioners is a unit of local government organized under the laws of the State of Ohio. Ashtabula County Commissioners is also a municipal corporation and a political subdivision of the State of Ohio and is a "person" for purposes of 42 U.S.C. §1983.

9. The Village of Jefferson is a unit of local government organized under the laws of the State of Ohio. The Village of Jefferson is also a municipal corporation and a political subdivision of the State of Ohio and is a "person" for purposes of 42 U.S.C. §1983.

10. Officer Aaron McCracken was at all times relevant herein employed as a law enforcement officer for the Village of Jefferson. He is being sued in his individual as well as his official capacity.

11. John and Jane Doe (Ashtabula County) John Does 1-5 ("Does") are those individuals and entities who, at all relevant times, were in the course and scope of their employment as law enforcement and/or government officials whom were acting under color of law.

12. John and Jane Doe (Village of Jefferson) John Does 1-5 ("Does") are those individuals and entities who, at all relevant times, were in the course and scope of their employment as law enforcement and/or government officials whom were acting under color of law.

**FACTS**

13.     In the early morning hours of September 11, 2016, Plaintiff Mr. Edward Dirrigl was a passenger on the back of a four-wheel ATV.  Mr. Dirrigl was being driven home by his friend Mr. Eric Platt.

14.     During the course of travel, Village of Jefferson Officer McCracken began to pursue the ATV.

15.     The driver of the ATV, Mr. Platt, did not pull over and stop, but rather, fled from the police.

16.     Subsequent police reports indicated that the ATV was being pursued by the police at speeds in excess of sixty (60) to eighty (80) miles per hour.

17.     After having received a call for backup, Ashtabula County Sheriff's Department Sergeant James A. Truckey joined the pursuit.

18.     During the course of the pursuit, Sgt. Truckey parked his patrol vehicle in such a manner as to try and block Mr. Platt's ATV.  Mr. Platt slowed, but did not stop, and eluded Sgt. Truckey.

19.     Mr. Platt did not strike Sgt. Truckey or Sgt. Truckey's vehicle.

20.     The pursuit ended in a residential field/lot off of Clay Road in Ashtabula County, Ohio.

21.     When the pursuit ended, Mr. Dirrigl got off the back of the ATV.

22.     Mr. Dirrigl was instructed to get down on the ground by Jefferson Police Officer Aaron McCracken.

23.     Officer McCracken was aware that Mr. Dirrigl was the passenger on the back of the ATV and was not operating the vehicle.

24.     Mr. Dirrigl complied with Officer McCracken's orders, got down on the ground and, as reflected by Officer McCracken's body-cam footage, complied with being arrested and handcuffed.

25.     Mr. Dirrigl was not armed, threatening, fighting, abusive, fleeing, screaming, taunting or disruptive.

26.     At no time did Mr. Dirrigl resist arrest.

27.     At no time did Mr. Dirrigl obstruct official business.

28.     Nevertheless, and as reflected by the body-cam footage, Defendant Truckey ran up to Mr. Dirrigl while Mr. Dirrigl was lying face down on the ground.  Mr. Dirrigl was not resisting or struggling when Defendant Truckey came up to him.

29.     While Mr. Dirrigl was laying face-down on the ground with his hands restrained behind his back, Defendant Truckey forcefully, intentionally and violently repeatedly struck Mr. Dirrigl in the face.

30.     Defendant Truckey repeatedly struck Mr. Dirrigl in the face despite the fact that Mr. Dirrigl was not posing a threat of harm or a risk of flight.

31.     Defendant Truckey can be heard making offensive and abusive comments to Mr. Dirrigl despite the fact that Mr. Dirrigl had not broken any laws.

32.     As a direct and proximate result of Defendant Truckey's physical abuse, Mr. Dirrigl sustained serious physical injury.

33.     The body-cam footage also shows Defendant Truckey asking Officer McCracken turn off his body-cam, thereby precluding the preservation of evidence. Officer McCracken complies with Defendant Truckey's unlawful request and turns off his body-cam.

34.     Mr. Dirrigl was then wrongly charged with resisting arrest and obstructing official business despite the lack of an objective basis for these charges.  Rather, the body-cam footage establishes a lack of probable cause for these charges such that there was never a good faith belief to charge or prosecute Mr. Dirrigl with these crimes.

35.     Following Mr. Dirrigl's arrest, the Ashtabula County Sheriff's Department conducted an investigation into the incident.

36.     The investigation revealed that in the afternoon of September 11, 2016, Sgt. Truckey sent a private text message to Officer McCracken asking to see McCracken's body-cam footage.

37.     Sgt. Truckey also pressured McCracken to delete and/or compromise the body-cam footage.

38.     At the scene of the arrest, Defendant Truckey requested that Officer McCracken turn off his body-cam.

39.     Officer McCracken complied with Sgt. Truckey's request and turned off his body-cam.

40.     Officer McCracken would not delete the entire body-cam video, however Officer McCracken did repeatedly provide false statements to Ashtabula County during the course of the County's investigation with the purpose of inculpating Mr. Dirrigl and

to assist Sgt. Truckey. Indeed, despite being fully aware that Mr. Dirrigl was the passenger and had complied with police orders, McCracken swore out an arrest affidavit alleging that Mr. Dirrigl had resisted arrest and engaged in obstructing official business

41. McCracken's false statements to the investigators, as well as his baseless charges, resulted from an unlawful agreement between Sgt. Truckey, McCracken and others in an attempt to violate Dirrigl's Constitutional rights. They, along with Deputy Mullett, agreed to make false legal and factual allegations against Mr. Dirrigl and Mr. Platt so as to mitigate Sgt. Truckey's clearly unlawful behavior, and to provide leverage to the Ashtabula County Prosecutor's Office.

42. The false legal and factual allegations include asserting that Mr. Platt's ATV struck Sgt. Truckey's vehicle when clearly it did not. Another false allegation was that Sgt. Truckey had sustained injury when the ATV purportedly struck Sgt. Truckey's vehicle. These defendants furthered their conspiracy by putting charges on Mr. Dirrigl for which there was no basis, and by telling investigators, repeatedly, that Mr. Dirrigl was actively eluding and/or evading capture. Deputy Mullett further conspired to violate Mr. Dirrigl's rights by asserting that he observed Officer McCracken "struggling" with Mr. Dirrigl when clearly, and as evidenced by the body-cam video, there was no such struggle.

43. On November 30, 2016, Defendant Truckey was indicted on the following criminal charges: two counts of felonious assault, three counts of tampering with records, one count of tampering with evidence, and five counts of dereliction of duty.

44.     Following a jury trial in the Ashtabula County Court of Common Pleas, on June 28, 2017 a jury returned a verdict finding James A. Truckey guilty of assault; guilty of two counts of tampering with evidence; and guilty of two counts of dereliction of duty.

45.     All of the charges against Mr. Edward Dirrigl were dropped.

46.     Ashtabula County Sheriff's Department has been aware of the fact that their deputies and law enforcement officers, including but not limited to Sgt. Truckey, have a history of violating arrestee and suspects' civil rights in various ways, including but not limited to subjecting them to excessive force.  Citizen complaints, discipline, and the results of internal investigations evidence a Department that investigates employee wrongdoing with the goal of exonerating the accused Officer and finding or creating fault with the accuser.

47.     Similarly, the Village of Jefferson failed to provide adequate training relative to what constitutes probable cause to make an arrest, and also failed in their supervision and discipline of police officers such that Officer McCracken's unlawful behavior as outlined herein was substantially certain to occur.

48.     Mr. Dirrigl incurred physical injuries, mental and emotional distress as well as other damages as a direct and proximate result of the Defendants' misconduct.

## FIRST CAUSE OF ACTION
### Assault and Battery

49.     Paragraphs 1 through 48 are incorporated by reference herein as if fully rewritten.

50.     Defendant Truckey's conduct constitutes assault and battery as he intentionally applied unnecessary and unlawful force against Mr. Dirrigl.  Defendant Truckey's conduct was also malicious, willful, wanton, intentional, reckless and in bad faith.

51.     As a direct and proximate result of the Defendant Truckey's assault and battery, Mr. Dirrigl sustained serious and permanent physical injuries, emotional distress and other damages.

## SECOND CAUSE OF ACTION
### Excessive Force

52.     Paragraphs 1 through 51 are incorporated by reference herein as if fully rewritten.

53.     The actions of Defendant Truckey constitute an unjustifiable and excessive use of force without legal justification.  Truckey's actions were deliberately indifferent, reckless, wanton and shocking to the conscience, all of which deprived Plaintiff Dirrigl of his civil rights as secured by the Fourth and Fourteenth Amendments to the United States Constitution and trough 42 U.S.C. §1983.

54.     Defendant Truckey's actions were committed maliciously and/or in an unreasonable, wanton and reckless manner.

55.     As a direct and proximate result of the wrongful acts of Defendant Truckey, Plaintiff Dirrigl suffered physical injuries and emotional distress.

### THIRD CAUSE OF ACTION
### Willful, Wanton, Reckless, Malicious and Bad Faith Conduct

56.     Paragraphs 1 through 55 are incorporated by reference herein as if fully rewritten.

57.     The conduct of Sgt. Truckey, Officer McCracken, and Deputy Mullett, while engaged in police functions and against Mr. Dirrigl, were willful, wanton, reckless, malicious and/or in bad faith such that they are not entitled to the defenses and immunities for negligent conduct as set forth in O.R.C. §2744.01 *et seq.*

58.     As a direct and proximate result of these defendants' conduct, Mr. Dirrigl sustained serious and permanent physical injuries, emotional distress and other damages.

### FOURTH CAUSE OF ACTION
### False Arrest and Unlawful Search and Unlawful Detention

59.     Paragraphs 1 through 58 are incorporated by reference herein as if fully rewritten.

60.     Officer McCracken arrested Mr. Dirrigl without probable cause or reasonable suspicion that Mr. Dirrigl had engaged in conduct that would subject him to arrest and/or an unlawful detention.  McCracken thereafter subjected Mr. Dirrigl to an unlawful search which was unreasonable under the circumstances.

61.     McCracken's unlawful arrest, detention and search was a violation of Mr. Dirrigl's rights as secured by the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution.

62.     As a direct and proximate result of Officer McCracken's unlawful arrest and search, Mr. Dirrigl sustained a violation of his rights, damages and other losses.

## FIFTH CAUSE OF ACTION
### Emotional Distress

63.     Paragraphs 1 through 62 are incorporated by reference herein as if fully rewritten.

64.     Through his extreme and outrageous conduct, the defendants intentionally and/or recklessly caused Mr. Dirrigl serious emotional distress.

65.     Alternatively, the defendants knew or should have known that their actions would result in emotional distress and their actions did cause Mr. Dirrigl emotional distress.   The defendants' infliction of emotional distress was also willful, wanton, reckless, malicious and/or in bad faith.

66.     Further, the defendants' actions toward Mr. Dirrigl were so extreme and outrageous as to go beyond all possible bounds of decency and were intolerable.

67.     The defendants' actions directly and proximately caused Mr. Dirrigl psychic injury from which he suffers and will continue to suffer into the future.

## SIXTH CAUSE OF ACTION
### Negligent Hiring, Training, Retention and Supervision

68.     Paragraphs 1 through 67 are incorporated by reference herein as if fully rewritten.

69.     Defendants Ashtabula County and/or Ashtabula County Commissioners employed Defendant James A. Truckey.

70.     Defendants Ashtabula County and/or Ashtabula County Commissioners knew or should have known that Defendant Truckey had a propensity to violence and/or had a history of performing his duties in an unlawful manner and/or was otherwise incompetent.

71.     Defendant Truckey's propensity to violence and/or performance of his duties in an unlawful manner and/or incompetence caused Mr. Dirrigl's injuries as set forth herein.

72.     Ashtabula County and/or Ashtabula County Commissioners' negligence in hiring, training, retaining and/or supervising Truckey was the proximate cause of Mr. Dirrigl's injuries.

### SEVENTH CAUSE OF ACTION
### Defamation Per Se

73.     Paragraphs 1 through 72 are incorporated by reference herein as if fully rewritten.

74.     Defendant Truckey made false statements about Mr. Dirrigl, including but not limited to statements that Mr. Dirrigl was fighting a police officer, had engaged in resisting arrest and had obstructed official business.  There was no factual basis upon which to make these false statements.  Further, these statements specifically portray Mr. Dirrigl as a criminal who engaged in criminal behavior.  Defendant Truckey made these statements against Mr. Dirrigl with malicious purpose, in bad faith, and/or in a wanton or reckless manner.

75.     As a direct and proximate result of Defendant Truckey's statements, Mr. Dirrigl sustained damages.

### EIGHTH CAUSE OF ACTION
### *Monell* Liability, 42 U.S.C. §1983 - Ashtabula County

76.     Paragraphs 1 through 75 are incorporated by reference herein as if fully rewritten.

77.     Ashtabula County has, under color of state law, deprived Mr. Dirrigl of rights, privileges and immunities secured by the Fourth, Fifth, Sixth and Fourteenth Amendments to the U.S. Constitution.

78.     Ashtabula County and its officials, policymakers, employees and/or officers failed to adequately train and supervise their police officers relative to the use of force, arrest procedures, restraint, preservation of evidence, due process, perjury and intervening when rights are being violated.

79.     The rules, regulations, customs, policies and procedures of Ashtabula County were inadequate and unreasonable and were the moving force behind the Constitutional deprivations suffered by Mr. Dirrigl.

80.     Although the policymakers were on notice of the obvious need to train and supervise the deputies and other officers in the area of policies and procedures relating to arrest procedures, the use of force, perjury, preservation of evidence, due process and intervention on behalf of arrestees, the Ashtabula County failed to adequately train and supervise deputies and other officers in that regard.

81.     Ashtabula County, its officers, officials, and employees also failed to adequately investigate the incident at issue in Plaintiff's Complaint.  There was no legal

15

justification for the degree of physical force employed by Defendants Amiott and Rivera against Mr. Dirrigl. Despite the fact that this objectively inappropriate use of force took place and resulted in serious physical injury, no adequate investigation was conducted. Based on these Defendants adopting and implicitly condoning the use of excessive force, they are liable for directly and proximately causing the deprivation of Mr. Dirrigl's rights.

82. As a direct and proximate result of these failures by defendant Ashtabula County, Plaintiff Dirrigl sustained injury, a loss of his rights, economic and non-economic damages.

### NINTH CAUSE OF ACTION
### *Monell* Liability, 42 U.S.C. §1983 - Village of Jefferson

83. Paragraphs 1 through 82 are incorporated by reference herein as if fully rewritten.

84. The Village of Jefferson has, under color of state law, deprived Mr. Dirrigl of rights, privileges and immunities secured by the Fourth, Fifth, Sixth and Fourteenth Amendments to the U.S. Constitution.

85. The Village of Jefferson and its officials, policymakers, employees and/or officers failed to adequately train and supervise their police officers relative to probable cause, arrest procedures, preservation of evidence, due process, perjury, and intervening when rights are being violated.

86. The rules, regulations, customs, policies and procedures of the Village of Jefferson were inadequate and unreasonable and were the moving force behind the Constitutional deprivations suffered by Mr. Dirrigl.

16

87.     Although the policymakers were on notice of the obvious need to train and supervise the deputies and other officers in the area of policies and procedures relating to arrest procedures,  probable cause,, preservation of evidence, due process, perjury, and intervention on behalf of arrestees, the Village of Jefferson failed to adequately train and supervise the officers in that regard.

88.     The Village of Jefferson, its officers, officials, and employees also failed to adequately investigate the incident at issue in Plaintiff's Complaint.  There was no legal justification for arresting Mr. Dirrigl, searching him, or charging him with a crime. Providing Sgt. Truckey with a copy of the body-cam footage, providing false statements to the investigators, and creating and altering evidence in an effort to damage and/or discredit Mr. Dirrigl (and Mr. Platt) in an effort to assist Sgt. Truckey are all issues that were intentionally overlooked.  Essentially, once the body-cam footage disclosing Sgt. Truckey's misconduct was disclosed, the unlawful misconduct of other officers involved was overlooked and ignored.  Based on these defendants adopting and implicitly condoning this misconduct, they are liable for directly and proximately causing the deprivation of Mr. Dirrigl's rights.

89.     As a direct and proximate result of these failures by Defendant the Village of Jefferson, Plaintiff Dirrigl sustained injury, a loss of his rights, economic and non-economic damages.

### TENTH CAUSE OF ACTION
### Conspiracy - Deprivation of Civil Rights

90.     Paragraphs 1 through 89 are incorporated by reference herein as if fully rewritten.

91. As set forth herein, McCracken's false statements to the investigators, as well as his baseless charges, resulted from an unlawful agreement between Sgt. Truckey, McCracken and others in an attempt to violate Dirrigl's Constitutional rights. They, along with Deputy Mullett, agreed to make false legal and factual allegations against Mr. Dirrigl and Mr. Platt so as to mitigate Sgt. Truckey's clearly unlawful behavior, and to provide leverage to the Ashtabula County Prosecutor's Office. The false legal and factual allegations include asserting that Mr. Platt's ATV struck Sgt. Truckey's vehicle when clearly it did not. Another false allegation was that Sgt. Truckey had sustained injury when the ATV purportedly struck Sgt. Truckey's vehicle. These defendants furthered their conspiracy by putting charges on Mr. Dirrigl for which there was no basis, and by telling investigators, repeatedly, that Mr. Dirrigl was actively eluding and/or evading capture. Deputy Mullett further conspired to violate Mr. Dirrigl's rights by asserting that he observed Officer McCracken "struggling" with Mr. Dirrigl when clearly, and as evidenced by the body-cam video, there was no such struggle.

92. As a direct and proximate result of this conspiracy, Plaintiff Mr. Dirrigl sustained injury, a loss of his rights, economic and non-economic damages.

### ELEVENTH CAUSE OF ACTION
### Perjury, Tampering with Records, Interference with Civil Rights

93. Paragraphs 1 through 92 are incorporated by reference herein as if fully rewritten.

94. Defendants tampered with records when they falsified, destroyed (including but not limited to the final portions of McCracken's body-cam video), removed, concealed, defaced, or mutilated writings, data, and/or records with the purpose

to defraud or knowing that they were facilitating a fraud.  Defendants falsified reports, affidavits, destroyed and concealted video and other data, and fabricated evidence.

95.     Defendants took these actions knowing they had no privilege to do so.

96.     Defendants Truckey, McCracken, and Mullet also made false statements under oath or affirmation, including in affidavits in support of complaints and in police reports.  The conduct of these defendants therefore constitutes perjury.

97.     These defendants also acted under color of office, employment, and authority to knowingly deprive and interfere with Mr. Dirrigl's civil rights, including his Constitutional rights under the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments.

98.     These defendants, through their conduct as described herein, violated Ohio Revised Code §§ 2307.60(A)(1) and 2913.42 regarding tampering with evidence; §§ 2307.60(A)(1) and 2921.11 regarding perjury; and §§ 2307.60(A)(1) and 2921.45 regarding interference with civil rights.

99.     As a direct and proximate result of these violations, Mr. Dirrigl sustained injury, a loss of his rights, economic and non-economic damages.

## DAMAGES

100.    Paragraphs 1 through 99 are incorporated by reference herein as if fully rewritten.

101.    As a direct and proximate result of the Defendants' conduct, Plaintiff Mr. Edward Dirrigl suffered and continues to suffer physical injury, pain, emotional distress, mental anguish, as well as other economic and non-economic damages, some or all of which may be permanent.

19

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays for judgment against the Defendants, jointly and severally, for:

(A)     Compensatory and consequential damages for all the injuries identified in the amount in excess of Twenty-Five Thousand dollars ($25,000.00);

(B)     Punitive damages in an amount to be determined at trial for the willful and malicious conduct of Defendant Truckey;

(C)     A declaration that the Defendants' acts and conduct constitute violations of the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution as well as 42 U.S.C. § 1983.

(D)     Attorneys' fees and the costs of this action and other costs that may be associated with this action; and

(E)     Any and all other relief this Court deems equitable, necessary, and just.

Respectfully Submitted,

The Law Office of Paul J. Cristallo

*/s/ Paul J. Cristallo                        .*
PAUL J. CRISTALLO (0061820)
The Brownhoist Building
4403 St. Clair Avenue
Cleveland, OH  44103
T:  440-478-5262
F:  216-881-3928
E:  paul@cristallolaw.com

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.


/s/ Paul J. Cristallo                    .
PAUL J. CRISTALLO
Attorney for Plaintiff Edward Dirrigl